IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MOVSOVITZ & SONS OF FLORIDA, INC. et al., | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : Civil Action No: 04-2254 (SEC) |
| | : |
| SCOTIABANK | : |
| | : |
| Defendant | : |
| | : |

**PLAINTIFFS MOVSOVITZ & SONS OF FLORIDA, INC. AND WEST COAST DISTRIBUTING, INC. STATEMENT OF MATERIAL FACTS IN SUPPORT FOR MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT SCOTIABANK**

Plaintiffs, Movsovitz & Sons of Florida, Inc. ("Movsovitz") and West Coast Distributing, Inc. ("West Coast"), pursuant to Local Rule 56(b) submit this statement of undisputed material facts in support of their Motion for Summary Judgment.

The following material facts are undisputed:

1.      Plaintiff, Movsovitz, is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce during the period of time at issue. Complaint of Movsovitz and West Coast ¶ 3(a) (Docket No. 1); Affidavit of Larry Maurer ("Maurer Affidavit") ¶ 3 filed herewith.

2.      Plaintiff, West Coast, is a corporation engaged in the business of buying and selling wholesale quantities of produce in interstate commerce during the period of time at issue. Complaint of Movsovitz and West Coast ¶ 3(b) (Docket No. 1); Affidavit of Ben Foss ("Foss Affidavit") ¶ 3 filed herewith.

3.      Axel González, Inc. d/b/a North Produce ("North Produce") was a dealer of produce licensed under PACA as a dealer. Defendant Scotiabank's Answer to Complaint of Movsovitz and

1

West Coast ("Scotiabank Answer") ¶ 4 (Docket No. 8); PACA License of North Produce attached to Appendix of Exhibits as Exhibit 1.

4. Mr. González was an officer and director of North Produce. North Produce's Answer to Complaint filed by Movsovitz ¶ 1, Case No. 02-1634-SEC, attached to Appendix of Exhibits as Exhibit 2 pp 4, 8. As the officer and director of North Produce, Mr. González was in a position of control over the PACA trust assets belonging to Movsovitz and West Coast and did control the PACA trust assets of Movsovitz and West Coast. Appendix Exhibit 2 ¶¶ 13-14, pp 5, 10-11. North Produce was the sole source of income for Mr. González and Mrs. González. Statement of Affairs attached to Appendix of Exhibits as Exhibit 3.

5. Defendant Scotiabank is a secured lender of North Produce, and knew North Produce was in the business of buying and selling produce. Scotiabank's Answer ¶¶ 4-5 (Docket No. 8).

6. Movsovitz began selling wholesale quantities of produce to North Produce in November 1999. Maurer Affidavit ¶ 6.

7. Between January 18, 2002 and February 26, 2002, Movsovitz sold various wholesale lots of produce worth $116,217.50, which remains unpaid. Complaint of Movsovitz and West Coast ¶ 7 (Docket No. 1); Maurer Affidavit ¶¶ 7-10.

8. West Coast sold various wholesale lots of produce worth $120,588.80, which remains unpaid. Complaint of Movsovitz and West Coast ¶ 8 (Docket No. 1); Foss Affidavit ¶¶ 6-9.

9. Movsovitz and West Coast duly delivered the aforesaid produce to North Produce, which North Produce accepted. Complaint of Movsovitz and West Coast ¶¶ 7-9 (Docket No. 1); Maurer Affidavit ¶ 8; Foss Affidavit ¶ 7.

10. Movsovitz and West Coast preserved their interests under the trust provisions of the PACA by sending invoices to North Produce which contained the language required by 7 U.S.C. § 499e(c)(4). Maurer Affidavit ¶ 9; Foss Affidavit ¶ 8.

11. Movsovitz and West Coast are presently owed the aggregate amount of $236,806.30. Maurer Affidavit ¶ 10; Foss Affidavit ¶ 9.

12. On August 29, 2000, Mr. González bought a residence at State Road #492, km 1.4 Interior Corcovada Ward, Hatillo, Puerto Rico. Title Search attached to Appendix of Exhibits as Exhibit 4. The purchase price of the house was $125,000.00. *Id.* Mr. González paid $25,000.00 in cash and financed the remaining $100,000.00 with a mortgage from Doral Bank. *Id.*; Loan Form from Chicago Title Insurance Company attached to Appendix of Exhibits as Exhibit 5.

13. Mr. González refinanced the mortgage on his residence on March 21, 2001 through Scotiabank for $130,000.00. Appendix Exhibit 4. Scotiabank also has a second mortgage over the residence for $55,000.00, which it received on October 26, 2001. *Id.*

14. Mr. González also has a 50% interest in real property at Road #486, km. 11.1 Int. Quebrada Ward, Camuy, Puerto Rico, which he purchased with cash on November 17, 2000 for $57,000.00. Title Search attached to Appendix of Exhibits as Exhibit 6. Seven months later on June 8, 2001, Mr. González took a mortgage out on the property for $100,000.00 through Scotiabank. *Id.*

15. North Produce leased a new facility at which it began improvements on in May 2001. Food Service Construction & Materials Company Contract and Letter from Food Service Construction & Materials Company to North Produce attached to Appendix of Exhibits as Exhibit 7.

16. On June 8, 2001, Scotiabank loaned North Produce $100,000.00 to assist with improvements of leased facilities. Statement of Account 163800285 attached to Appendix of Exhibits as Exhibit 8; Scotiabank Loan Agreements with North Produce from August 20, 2001 and October 26, 2001 attached to Appendix of Exhibits as Exhibit 9 pp 40, 48. Scotiabank took a security interest on October 17, 2001, in subsidy payments North Produce was to receive from Compañia de Fomento Industrial de Puerto Rico. Declaration of Financing Statement for Lease Subsidy attached to Appendix of Exhibits as Exhibit 10; Appendix Exhibit 9 pp 42, 50-51.

17. On August 24, 2001, Scotiabank provided a second loan to North Produce in the amount of $250,000.00 to also assist with improvements of the leased premises. Statement of Account 163800289 attached to Appendix of Exhibits as Exhibit 11; Appendix Exhibit 9 pp 41, 49.

18. On October 26, 2001, Scotiabank provided a third loan to North Produce in the amount of $50,000.00 for working capital. Statement of Account 163800299 attached to Appendix of Exhibits as Exhibit 12; Appendix Exhibit 9 pp 41, 49-50.

19. Scotiabank approved a fourth loan to North Produce on October 26, 2001, for $55,000.00 for temporary overdraft. Appendix Exhibit 9 p 50.

20. Scotiabank took security interests in the machinery and equipment of North Produce and the proceeds of North Produce on November 6, 2001, to secure the August 24 and October 26 loans. Declaration of Financing Statement for Machinery and Equipment attached to Appendix of Exhibits as Exhibit 13; Declaration of Financing Statement for Proceeds attached to Appendix of Exhibits as Exhibit 14; Appendix Exhibit 9 pp 42, 50-51. Eng. Rafael A. Blanes prepared an appraisal of North Produce's machinery and equipment on July 19, 2001, in which the equipment at the existing facilities appraised at $284,500.00 and the equipment at the new

4

facilities appraised at $308,900.00 (total appraised value of $593,400.00).  M&E Appraisal Report attached to Appendix of Exhibits as Exhibit 15.  These loans were also secured with the subsidy payments North Produce was to receive from Compañia de Fomento Industrial de Puerto Rico.  Appendix Exhibit 9 p 50.

21. North Produce made monthly payments of $2,796.00 from September 26, 2001 to June 28, 2002, totaling $27,960.00, on the August 24 loan of $250,000.00.  Appendix Exhibit 11.  North Produce has an outstanding balance of $223,675.45 on this loan.  Letter from Pedro Pérez to Mr. González dated August 14, 2001 attached to Appendix of Exhibits as Exhibit 16.

22. North Produce made monthly payments of $833.00 from November 23, 2001 to June 28, 2002, totaling $6,664.00, on the October 26 loan of $50,000.00.  Appendix Exhibit 12.  North Produce has an outstanding balance of $43,336.00 on this loan.  Appendix Exhibit 16.

23. North Produce did not make any monthly payments on the June 8 loan of $100,000.00, but rather a one-time payment of $82,243.77.  Appendix Exhibit 8.  North Produce has an outstanding balance of $17,756.23 on this loan.  Appendix Exhibit 16.

24. Scotiabank was aware that North Produce was becoming financially insolvent, or was in danger of becoming financially insolvent when it received the loan payments from North Produce.  Admitted in Requests for Admissions attached to Appendix of Exhibits as Exhibit 17 p 132 ¶ 6.[1]

25. North Produce ceased operations in June 2002.  Borrower Status Report attached to Appendix of Exhibits as Exhibit 18 p 137.

---

[1] Movsovitz and West Coast served Scotiabank with Requests for Admissions on June 1, 2005, which Scotiabank failed to respond.  Under Fed. R. Civ. P. 36(a), a matter is deemed admitted if it is not responded to within 30 days.  *See Brook Vill. N. Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982) (any matter admitted under Rule 36 is conclusively established).

26.     Scotiabank met with Mr. González on July 3, 2002, at North Produce's closed business location to discuss recovery of its loans with the cessation of North Produce's business. Exhibit 18 p 137.  At this meeting, Mr. González delivered a check to Scotiabank for $82,243.77 as partial payment of North Produce's June 8 loan.  *Id.* at 138.  Scotiabank also advised North Produce to repay the loans and then to file for bankruptcy.  *Id.*  At the time Scotiabank received the funds from North Produce, Movsovitz and West Coast were unpaid.  Maurer Affidavit ¶ 10; Foss Affidavit ¶ 9.

27.     On July 16, 2004, Scotiabank sold North Produce's equipment, in which it had a security interest appraised at $593,400.00, for $7,000.00.  Deposition of Len Wright attached to Appendix of Exhibits as Exhibit 19 p 154; Emails between Lizette Garcia and Maria de Lourdes Garcia attached to Appendix of Exhibits as Exhibit 20; Copy of Check from Gustavo Lopez de la Cruz for $7,000.00 attached to Appendix of Exhibits as Exhibit 21.

28.     In September 2005, Scotiabank foreclosed on the residence of Mr. González at State Road #492, km 1.4 Interior Corcovada Ward, Hatillo, Puerto Rico, and received approximately $140,000.00 from the sale.  Appendix Exhibit 19 p 146.

29.     Scotiabank is currently in the process of foreclosing on Mr. González's real property located at Road #486, km. 11.1 Int. Quebrada Ward, Camuy, Puerto Rico.  Appendix Exhibit 19 p 147.

Dated: November 7, 2005.

\
\
\

Respectfully submitted,

| | |
|---|---|
| s/Louis W. Diess, III | s/Orlando Fernández |
| Louis W. Diess, III | Orlando Fernández (126912) |
| McCarron & Diess | García & Fernández |
| 4900 Massachusetts Ave., N.W. | 33 Calle Bolivia, Suite 701 |
| Suite 310 | San Juan, PR 00917-2010 |
| Washington, DC 20016 | (787) 764-1932/Fax 766-2132 |
| (202) 364-0400 | ofernandez@gflawpr.com |
| ldiess@mccarronlaw.com | |

s/Craig Stokes
Craig Stokes
Santos Stokes LLP
3330 Oakwell Court, Suite 225
San Antonio, Texas 78218
(210) 804-0011
cstokes@santosstokes.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Fernando J. Fornaris, ffornaris@cnrd.com; James W. McCartney, jmccartney@cnrd.com.

s/Orlando Fernandez
Orlando Fernandez